Curia, per Evans, J.
The defendant is indicted under the Act of 1791. That part of the Act which relates to cheating and swindling is, “ if any one shall overreach, cheat, or defraud by any cunning swindling acts or devices, so that the ignorant and unwary, who are deluded, thereby lose their money and other property, every such person exercising such infamous practices, shall on conviction ” 6pc.
Exactly what the Legislature meant by these words, it is difficult to determine. The words are comprehensive enough to include all frauds effected by means of any cunning swindling acts or devices; but so far as we can gather from what is said in the few cases which have been decided, the construction, heretofore, has been that the fraud must be effected by means of some of those public tokens for the use of which an indictment for a cheat would lie at common law. Allowing the defendant the benefit of this construction, is he guilty of the offence charged. In the case of the State v. Kott and Carr it was held that bank bills, whether they purport to be issued by a bank of this or another-State, are a part of the currency representing money, received by the public as such, and that a fraud effected by means.of what seemed to be, but was not, a genuine bank bill, was a cheat at -common law. The only question is whether the bill in this case bore such *160 resemblance to a bank bill as was, in the words of the Act, calculated “ to deceive the ignorant and unwary.”
A bank officer, or one accustomed to examine bills minutely, would not have been deceived; but the Act shows that the frauds which it intended to. punish were those whereby the ignorant and unskilful might be defrauded. This case differs in no very important particular from the case of Kott and Carr. In that case there was a scrawl, where the names of the officers should have been written. In this case there was nothing; but the bill had the appearance of having been long used, and we all know that on old bills the names are often so obliterated as to be frequently illegible and sometimes entirely effaced. Whether the bill in this case bore such a resemblance to a true bill as to deceive the ignorant and unwary, or, as the Circuit Judge put it to the jury, “ to deceive a common man, such as the prosecutor was,” was a question of fact which could only be resolved by the jury. It is clear the prisoner intended a fraud, and did deceive the prosecutor, by passing to him what bore the pictorial marks of an ordinary bank bill, and the jury having found him guilty, this Court does not perceive any thing in the morality or the law of his case which entitles him to a new trial.
The motion is dismissed.
Wardlaw, Frost and Withers, JJ., concurred.

Motion refused.